THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| GARY CLAYTON VIENS, <br><br> Plaintiff, <br><br> v. <br><br> MARCUS WISNER et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT** <br><br> Case No. 2:25-CV-615-AMA <br><br> District Judge Ann Marie McIff Allen |

Plaintiff Gary Clayton Viens, acting *pro se* as a Utah state inmate, brought this civil-rights action, *see* 42 U.S.C.S. § 1983 (2025).[1] Having now screened the Complaint, (ECF No. 1), under its statutory review function, 28 U.S.C.S. § 1915A (2025),[2] the Court orders Plaintiff to file an amended complaint curing deficiencies if he would like to further pursue claims.

---

[1]The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any **State** or **Territory** . . ., subjects, or **causes** to be subjected, any citizen of the United **States** or other **person** within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2025).

[2] The screening statute reads:
> (a) Screening.--The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

## A. COMPLAINT'S DEFICIENCIES

The Complaint:

**1.** possibly improperly alleges civil-rights violations on a *respondeat superior* theory. (See below.)

**2.** generally does not properly affirmatively link an individual named defendant to each element of each alleged civil-rights violation. (See below.)

**3.** does not concisely link each element of the claim of improper medical treatment to each individually named defendant. (See below.)

**4.** has claims apparently based on current confinement; however, the complaint appears not to have been submitted using legal help Plaintiff is constitutionally entitled to by his institution. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## B. GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his

---

(2) seeks monetary relief from a defendant who is immune from such relief.
28 U.S.C.S. § 1915A (2025).

alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these points before filing an amended complaint:

**1.** The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint(s). *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). Also, an amended complaint may not be added to after filing without moving for amendment. Fed. R. Civ. P. 15.

**2.** Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

**3.** The complaint must clearly state what each individual defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (cleaned up). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

**4.** Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id*.").

**5.** Plaintiff may not name an individual as a § 1983 defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996).

**6.** Grievance denial alone, unconnected to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

**7.** "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2025). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

**8. *Respondeat superior*.** The Supreme Court holds that, in asserting a § 1983 claim against a government agent in an individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662 676 (2009). Consequently, there is no *respondeat*

4

*superior* liability under § 1983. *See id.* ("Because vicarious liability is inapplicable to *Bivens*

and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the

official's own individual actions, has violated the Constitution."); *Bd. of Cnty. Comm'rs v.*

*Brown*, 520 U.S. 397, 403 (1997). Entities may not be held liable on the sole ground of an

employer-employee relationship with a claimed tortfeasor. *See Monell*, 436 U.S. at 689.

Supervisors are considered liable for their own unconstitutional or illegal policies only, and not

for employees' tortious acts. *See Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

### 9. Affirmative Link.

> [A] plaintiff who brings a constitutional claim under § 1983 can't
> obtain relief without first satisfying the personal-participation
> requirement. That is, the plaintiff must demonstrate the defendant
> "personally participated in the alleged constitutional violation" at
> issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018).
> Indeed, because § 1983 is a "vehicle[] for imposing personal
> liability on government officials, we have stressed the need for
> careful attention to particulars, especially in lawsuits involving
> multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th
> Cir. 2013); *see also Robbins*, 519 F.3d at 1250 (explaining that
> when plaintiff brings § 1983 claims against multiple defendants, "it
> is particularly important . . . that the complaint make clear
> exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v.*
> *Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998))
> (holding that district court's analysis of plaintiff's § 1983 claims
> was "infirm" where district court "lump[ed]" together plaintiff's
> claims against multiple defendants--"despite the fact that each of
> the defendants had different powers and duties and took different
> actions with respect to [plaintiff]"--and "wholly failed to identify
> specific actions taken by particular defendants that could form the
> basis of [a constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal."

*Id.* at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the

personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id.*

**10. Inadequate medical treatment.** The Eighth Amendment's ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement" including "adequate . . . medical care." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998)). To state a cognizable claim under the Eighth Amendment for failure to provide proper medical care, "a prisoner must allege acts or omissions *sufficiently harmful* to evidence deliberate indifference to serious medical needs." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Any Eighth Amendment claim must be evaluated under objective and subjective prongs: **a.** "Was the deprivation sufficiently serious?" And, if so, **b.** "Did the officials act with a sufficiently culpable state of mind?" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Under the objective prong, a medical need is "sufficiently serious . . . if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (citations & quotation marks omitted).

The subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." *Sparks v. Singh*, 690 F. App'x 598, 604

(10th Cir. 2017) (unpublished) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of

treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corrs.,* 165 F.3d

803, 811 10th Cir. 1999); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010)

("Disagreement with a doctor's particular method of treatment, without more, does not rise to the

level of an Eighth Amendment violation.").

### C. MOTION FOR APPOINTED COUNSEL

Plaintiff moves for "appointment of counsel." (ECF No. 3.)

"As a civil litigant, plaintiff has no Sixth Amendment right to counsel." *Johnson v.*

*Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). And the Court lacks authority to appoint

counsel; still, federal statute authorizes the Court to ask counsel to agree to represent an indigent

plaintiff free of charge.[3] *See* 28 U.S.C.S. § 1915(e)(1) (2025) ("The Court may request an

attorney to represent any person unable to afford counsel."); *McCleland v. Raemisch*, No. 20-

---

[3]The Tenth Circuit has noted:

> Each year, the district court receives hundreds of requests for legal
> representation and only a small number of attorneys are available to accept these
> requests. Accordingly, the district court must use discretion in deciding which
> cases warrant a request for counsel. To do otherwise would deprive clearly
> deserving litigants of an opportunity to obtain legal representation. The dilemma
> is unfortunate for litigants [denied counsel]. But the dilemma [i]s not the district
> court's fault; that dilemma [i]s the product of the court's lack of authority to
> compel legal representation or to reimburse attorneys for their time.

*Rachel v. Troutt*, 820 F.3d 390, 397 n.7 (10th Cir. 2016); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (stating courts may not "require an unwilling attorney to represent an indigent litigant in a civil case"); *Greene v. U.S. Postal Serv.*, 795 F. App'x 581, 583 (10th Cir. 2019) (unpublished) ("In most legal communities, only a limited number of attorneys are willing to take these cases. Thus, the district court [must] decide how to maximize the benefit from these local resources."); *Gross v. GM LLC*, 441 F. App'x 562, 567 (10th Cir. 2011) (unpublished) (observing courts rarely request counsel to represent parties in civil actions); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (cautioning courts that indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time").

1390, 2021 U.S. App. LEXIS 29490, at *15 n.3 (10th Cir. Sept. 30, 2021) (unpublished) (explaining, when prisoner-plaintiffs "refer to appointing counsel," they "really refer to a request that an attorney take the case *pro bono*"). Though Plaintiff has the burden of convincing the Court that Plaintiff's claim has enough merit to warrant such a request of counsel, he has not tried to meet it. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). Additionally, "[i]t is not enough" for Plaintiff to argue that he needs help "in presenting his strongest possible case, as the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (cleaned up).

Instead, in deciding whether to ask volunteer counsel to represent Plaintiff at no cost, this Court considers a variety of factors, like "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (cleaned up); *accord McCarthy*, 753 F.2d at 838-39. Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff does not appear to be too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for "appointed" counsel. (ECF No. 3.)

### D. MOTION FOR PRELIMINARY INJUNCTION

Next, the Court evaluates Plaintiff's motion for "preliminary injunction." (ECF No. 5.)

The Tenth Circuit holds as follows:

> To obtain a preliminary injunction, a "'plaintiff must establish . . . (1) a substantial likelihood of prevailing on the merits[,] (2) irreparable harm unless the injunction is issued[,] (3) that the threatened injury outweighs the harm that the preliminary

> injunction may cause the opposing party[,] and (4) that the
> injunction, if issued, will not adversely affect the public
> interest.'" *Diné Citizens Against Ruining Our Env't v. Jewell*, 839
> F.3d 1276, 1281 (10th Cir. 2016) (quoting *Davis v. Mineta*, 302
> F.3d 1104, 1111 (10th Cir. 2002)). "[B]ecause a preliminary
> injunction is an extraordinary remedy, the [movant's] right to relief
> must be clear and unequivocal." *Wilderness Workshop v. BLM*,
> 531 F.3d 1220, 1224 (10th Cir. 2008) (alterations in original)
> (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*,
> 356 F.3d 1256, 1260 (10th Cir. 2004)).

*Bradford v. U.S. Dep't of Labor*, 101 F.4th 707, 718 (10th Cir. 2024). Preliminary injunctive relief is an extraordinary and drastic remedy to be granted only when the right to relief is "clear and unequivocal." *SCFC ILC, Inc. v. VISA USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991).

The Court has carefully reviewed Plaintiff's motion for injunctive relief and concludes that he has not met his burden. Plaintiff has not addressed any of the four elements necessary to an analysis of his motion. Indeed, the Court's thorough assessment of Plaintiff's current versions of his arguments reveals that Plaintiff has not met the heightened pleading standard required in moving for an emergency injunction. Such relief is therefore denied.

## E. ORDER

**IT IS HEREBY ORDERED** as follows:

**1.** Plaintiff must within ninety days cure the Complaint's deficiencies noted above by filing a document entitled, "Amended Complaint," that does not refer to or include any other document. (ECF No. 1.)

**2.** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use to pursue an amended complaint.

**3.** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**4.** The amended complaint shall not include any claims outside the dates and allegations of transactions and events contained in the Complaint. (*Id.*) The Court will not address any such new claims or outside allegations, which will be dismissed. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case. If an amended complaint is filed, the Court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims.

**5.** Plaintiff must tell the Court of any address change and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.6(b) ("An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.").

**6.** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

**7.** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the court clerk.

**8.** Plaintiff must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or *pro se* party) is obligated to comply with: (1) the Federal Rules

of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a).

   **9.** Plaintiff's motion for "appointed" counsel is **DENIED**. (ECF No. 3.)  However, if--after the case develops further--it appears that counsel may be needed or of specific help, the Court may ask an attorney to appear *pro bono* on Plaintiff's behalf. The Court will continually reevaluate the need for counsel; thus, no further motions for the Court to request *pro bono* representation are needed.

   **10.** Plaintiff's motion for summary judgment is **DENIED** as premature. (ECF No. 4.) As of this Order, there is no valid complaint on file.

   **11.** Plaintiff's motion for preliminary injunctive relief is **DENIED**. (ECF No. 5.)

   **12.** Plaintiff's "Motion: Proceed w/out paying filing fee of $.38 until later date" is **GRANTED**. (ECF No. 9.) Plaintiff has an additional thirty days in which to file the payment. If the payment is not received by that deadline, this action will be dismissed with no further notice.

   **13.** Plaintiff's "Motion: Proceed until Nov. 1st" is **DENIED** as moot. (ECF No. 10.) November 1, 2025 passed several weeks ago.

DATED this 5th day of January 2026.

BY THE COURT:

_____
JUDGE ANN MARIE MCIFF ALLEN
United States District Court

11